**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KELVIN WAYNE BAKER, #1223066,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:05-CV-1118-L** |
| **v.** | § | |
| | § | |
| **SHERIFF JIM BOWLES, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, filed August 10, 2005, this case

was referred to this Court for pretrial management, including the determination of non-dispositive

motions and issuance of findings of fact and recommendations to the District Court on dispositive

motions.  Before the Court are the following:

(1)     *Motion of Defendant "Parkland Hospital" to Dismiss Its Employee "Doctor Scott,"
        Pursuant to Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support
        Thereof* ("HD MTD I"), filed July 7, 2005;

(2)     *Pro-Se Plaintiff's Motion of Leave of Objections; Challenges; Disputes/ With Brief
        in Support to the Motion of Defendant "Parkland Hospital," to Dismiss Its
        Employee, "Doctor Scott," Pursuant to Section 101.106, Texas Civ. Prac. & Rem.
        Code and Brief in Support Therefore* ("Resp. to HD MTD I"), filed October 21,
2005;

(3)     *Defendant DCHD/Parkland's Reply to "Pro-Se Plaintiff's Motion of Leave of
        Objections, Challenges; Disputes/ With Brief in Support to the Motion of Defendant
        'Parkland Hospital' to Dismiss Its Employee 'Dr. Scott,' Pursuant to Section
        101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof*[,]" filed
        November 2, 2005;

(4)     *Pro-Se Plaintiff's Recopy Second Motion of Leave of Objections; Challenges,
        Disputes/ With Brief in Support to the Motion of Defendant "Parkland Hospital" to
        Dismiss It's Employee "Doctor Scott" Pursuant to Section 101.106; Texas Civil*

-1-

*Practices & Remedies Code and Brief in Support Thereof* [sic], filed November 3, 2005;

(5)     *Pro-Se Plaintiff's Motion of Leave to Amended and Supplement Kelvin Baker's October 01, 2005 Motion of Objections; Pursuant to Federal Civil Rules of Procedures Rule 15(a);(b)* [sic],[1] filed November 3, 2005;

(6)     *Motion to Dismiss of Defendant Preston Blomquist, M.D. Pursuant to Section 12(b)(5), Section 12(b)(6), and Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof* ("Blomquist MTD I"), filed July 15, 2005;

(7)     *Pro-Se Plaintiff's Motion of Objections/ With Brief in Support to the Motion to Dismiss of Defendant Preston Blomquist, M.D. Pursuant to Section 12(b)(5); Section 12(b)(6) and Section 101.106, Tex. Civ. Prac & Rem Code* [sic] ("Resp. to Blomquist MTD I"), filed October 13, 2005;[2]

(8)     *Motion of Defendant Dallas County Hospital District to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* ("HD MTD II"), filed October 17, 2005;

(9)     *Motion of Defendant Doctor Scott So, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* ("So MTD"), filed October 17, 2005;

(10)    *Defendant Preston Blomquist, M.D.'s Reply to Plaintiff's Motion of 'Objections' and Plaintiff's Response to Defendant's Motion to Dismiss*, filed October 18, 2005;

(11)    *Motion of Defendant Preston Blomquist, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* ("Blomquist MTD II"), filed October 20, 2005;

(12)    *Pro-Se Plaintiff's Motion of Objections; Challenges; Disputes and Deny to Motion of Defendant Dallas County Hospital District to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* [sic] ("Resp. to HD MTD II"), filed October 27, 2005;

---

[1]Plaintiff motion requests leave to file a "recopy" of his response to the Hospital District's first motion to dismiss. The "recopy" is virtually identical to the original response, and the Court did not rely on the "recopy" in recommending a denial of the Hospital District's motion. Accordingly, Plaintiff's motion for leave to file the "recopy" is DENIED as moot.

[2]On October 18, 2005, Defendant Preston Blomquist ("Blomquist") filed a motion to strike Plaintiff's response as out of time and illegible. On October 20, 2005, the Court issued its *Order* denying Blomquist's motion to strike, but directing that the Clerk submit a copy of Plaintiff's response to Blomquist, and giving Blomquist the opportunity to file an amended reply. Blomquist did not file an amended reply.

(13)   *Defendant Dallas County Hospital District's Reply to "Pro-Se Plaintiff's Motion of Objection, Challenges; Disputes and Deny to Motion of Defendant Dallas County Hospital District to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* [,]*"* filed October 31, 2005;

(14)   *Pro-Se Plaintiff's Motion of Objections to Motion of Defendant Doctor Scott So, M.D., to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* [sic] ("Resp. to So MTD"), filed November 28, 2005;

(15)   *Pro-Se Plaintiff's Motion of Objections to Motion of Defendant Dr. Preston Blomquist, M.D., to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof* [sic] ("Resp. to Blomquist MTD II"), filed December 1, 2005;

(16)   *Motion of Defendant Dr. Preston Blomquist to Strike "Pro-Se Plaintiff's Motion of Objections to Motion of Defendant Dr. Preston Blomquist, M.D., to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351 TCPRC and Brief in Support Thereof"; And in the Alternative, Motion of Extension of Time to File Reply*, filed December 7, 2005;[3]

(17)   *Defendant Preston Blomquist, M.D.'s Reply to "Pro-Se Plaintiff's Motion of Objections to Motion of Defendant Dr. Preston Blomquist, M.D., to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351 TCPRC and Brief in Support Thereof* [,]*"* filed December 7, 2005; and

(18)   *Pro-Se Plaintiff's Reply and Answer to Defendant DCHD/Parkland's Reply to Pro-Se Plaintiff's Motion of Leave of Objections; Challenges; Disputes/With Brief in Support to the Motion of Defendant 'Parkland Hospital' to Dismiss its Employee 'Doctor Scott,' Pursuant to Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof* [sic],[4] filed December 9, 2005.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that the motions to dismiss should be **DENIED.**

---

[3]Blomquist moves to strike Plaintiff's response on grounds that it is out of time. In the alternative, Blomquist moves for an extension of time to file a reply. In reaching its decision on Blomquist's second motion to dismiss, the Court did not consider Plaintiff's response, and thus need not consider Blomquist's reply. Accordingly, Blomquist's motion to strike Plaintiff's response is DENIED as moot, and his motion for leave to file a reply is likewise DENIED as moot.

[4]Plaintiff's surreply to the Hospital District's reply is not authorized by the Local Civil Rules for the Northern District of Texas, nor did Plaintiff seek and receive leave of the Court to file a surreply. Accordingly, the Court has not considered Plaintiff's surreply in making its recommendation on the Hospital District's motion.

# I.  BACKGROUND

Kelvin Baker ("Plaintiff") is an inmate currently in the custody of the Texas Department of Criminal Justice, in the Polunsky Unit.  Formerly, Plaintiff was incarcerated in the Dallas County Jail.  On May 31, 2005, Plaintiff filed this civil rights action against Sheriff Jim Bowles ("Bowles").  He also named the Dallas County Hospital District, doing business as Parkland Memorial Hospital ("Hospital District"), and its employee, Dr. Scott So ("So"), as defendants.  Additionally, he named as a defendant Dr. Preston Blomquist ("Blomquist"), an employee of the University of Texas Southwestern Medical Center.  Blomquist and So both treated Plaintiff at Parkland Memorial Hospital ("Parkland") for an injury to his eye, sustained during a fall in the shower area of the Dallas County Jail.  According to the allegations in the typed statement of the case Plaintiff attached to his § 1983 complaint form, Blomquist performed surgery on the eye, and So provided follow-up care.  (Att. Compl. at 3.)  Plaintiff further alleges that he "understood he must have a second surgery to repair the ruptured eye ball globe in his left eye."  *Id.*  The Hospital District, Blomquist, and Scott were aware that a second surgery would be required to save Plaintiff's eye, according to Plaintiff's statement, but failed to schedule that surgery.  *Id.* at 5.  As a result, Plaintiff alleges that the Hospital District, Blomquist, and Scott violated Plaintiff's civil rights through their deliberate indifference to his need for medical treatment of the eye injury.[5]  *Id.* at 4.

The Hospital District filed a motion to dismiss So from the action pursuant to Texas Civil Practice and Remedies Code § 101.106 ("§ 101.106").  The Hospital District argues that Plaintiff's

---

[5]With respect to his claims against Bowles, Plaintiff asserts that Bowles failed to take Plaintiff to Parkland for a second surgery within the time frame specified by his doctors, and that as a result they were unable to save his vision in that eye.  (Att. Compl. at 4.)  Further, Plaintiff asserts that Bowles "failed to train officers and staff to provide [for the] medical and safety needs of inmates in his custody and control."  *Id.* at 5.  Bowles filed an answer on August 3, 2005.  He has not joined in any of the motions addressed in these findings and recommendations.

claims against So constitute claims for medical negligence, and that because Plaintiff sued both So and his employer, § 101.106(a) and (e) mandate his dismissal from the suit.

Blomquist filed a motion to dismiss pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, as well as § 101.106. Blomquist argues that he should be dismissed from this suit because he was not properly served with the complaint. He further asserts that Plaintiff's allegations amount to a claim for medical malpractice, rather than deliberate indifference, and that the complaint therefore fails to state a claim upon which relief can be granted under § 1983. Finally, Blomquist asserts that the suit is subject to dismissal under § 101.106 because it is a medical malpractice suit based on conduct that occurred within the scope of his employment, and therefore should have been brought against his employer rather than him.

In addition to the motions to dismiss listed above, the Hospital District, So, and Blomquist each filed motions to dismiss pursuant to Texas Civil Practice and Remedies Code § 74.351 ("§ 74.351"). Their motions, which are virtually identical in content, assert that Plaintiff's claims are state law health care liability claims, and as such should be dismissed due to Plaintiff's failure to comply with § 74.351 by filing an expert report within 120 days of the filing the lawsuit.

Plaintiff has filed responses to each motion. Generally, Plaintiff maintains that he has brought this suit pursuant to federal law, rather than state law. On this basis, he asserts that both § 101.106 and § 74.351 are inapplicable to his case, and that Defendants' motions therefore should be denied. He also asserts that Blomquist was properly served. These matters are now before the Court and ripe for recommendation.

## II. ANALYSIS

### A.   Rule 12(b)(5)

Blomquist moves to dismiss Plaintiff's suit pursuant to Rule 12(b)(5) for failure to effect service of process. (Blomquist MTD I at 1.) Plaintiff responds that Blomquist was in fact served, despite his assertions to the contrary, because the Court ordered service by the United States Federal Marshal on June 10, 2005, and the case record reflects timely service on Blomquist. (Resp. to Blomquist MTD I at 2.)

Rule 4(m) of the Federal Rules of Civil Procedure provides that if the plaintiff fails to obtain service within 120 days after filing a complaint, the court may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." FED. R. CIV. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.." *Id.*

"Special rules govern the procedure for service of process in cases involving in forma pauperis ["IFP"] plaintiffs[.]"[6] *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). "28 U.S.C. § 1915(c) provides that '[t]he officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.'" *Id.* "Once the [IFP] plaintiff has taken reasonable steps to identity the defendant(s), 'Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that. . .the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants. . .'" *Lindsey*, 101 F.3d at 446 (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)).

"[A] plaintiff proceeding [IFP] is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process,

---

[6]Blomquist, citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988), asserts that "[t]he pro se status of Plaintiff does not excuse his failure to effect service in accordance with Rule 4." The plaintiff in *Kersh*, however, was not proceeding *in forma pauperis*. Thus *Kersh* is distinguishable from the instant case, which is governed by special rules for service of process due to Plaintiff's *in forma pauperis* status.

where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th

Cir. 1987) (citing *Romandette v. Weetabix*, 807 F.2d 309 (2d Cir. 1986)). "While . . . incarcerated

plaintiffs proceeding [IFP] may rely on service by the U.S. Marshals, a plaintiff may not remain

silent and do nothing to effectuate such service." *Rochon*, 828 F.2d at 1110. "At a minimum, a

plaintiff should request service upon the appropriate defendant and attempt to remedy any service

defects of which a plaintiff has knowledge." *Id.* Moreover, "[w]hat amounts to 'good cause' [for

failure to effect service] under any particular set of circumstances is necessarily fact-sensitive."

*Lindsey*, 101 F.3d at 446.

In the instant matter, the Court granted Plaintiff leave to proceed IFP on June 10, 2005, and

ordered that the United States Marshal's Service effectuate service on the Defendants. (*See* Docket

Entries Nos. 3-4.) The Marshal's Service served summons on Blomquist, So, and the Hospital

District on June 21, 2005 at the Hospital District's address, which Plaintiff had provided for each

of those defendants. (*See* Docket Entries Nos. 7-9.) An executive coordinator accepted service on

behalf of all three of those defendants. *Id.* Notwithstanding such actions, Blomquist maintains that

he has not received a copy of the process or the complaint, and asserts that no agent is authorized

to accept service. (Blomquist MTD I at 1.) In the affidavit attached to that motion, Blomquist

asserts that he is an employee of the University of Texas Southwestern Medical Center ("UTSMC").

It thus appears that because Plaintiff is an employee of UTSMC rather than of Parkland, the Hospital

District's agent had not been authorized by Blomquist to accept service on his behalf.

Plaintiff ostensibly received notice that Blomquist had not been properly served by receipt

of Blomquist's motion to dismiss filed July 15, 2005. However, Plaintiff also asserts correctly that

the docket reflects that service on Blomquist was effected. Blomquist's motion to dismiss does not

provide an explanation for this apparent inconsistency.  Moreover, neither So nor the Hospital District have contested service, and it appears that Plaintiff acted reasonably in providing the same address for both of the doctors who treated him at Parkland.  The failure of a plaintiff proceeding IFP to provide a correct address alone is not grounds for dismissal for failure to effect service of process.  *See Lindsey*, 101 F.3d at 447; *Walker v. Navarro County Jail*, 1997 WL 42523, at *2 (N.D. Tex. Jan. 24, 1997).  In addition, Plaintiff did not entirely ignore Blomquist's notification regarding the service, but filed a response to the motion to dismiss explaining why it appeared that Blomquist had in fact been served properly.  Under these circumstances, Plaintiff has shown good cause for his failure to effect proper service, and dismissal of his claims against Blomquist would not be appropriate.  *See Lindsey*, 101 F.3d at 448 (finding good cause for plaintiff's failure to properly serve a defendant where the plaintiff's conduct did not arise from excessive dilatoriness and silence); *Walker*, 1997 WL 42523, at *2-3 (finding that *in forma pauperis* plaintiff showed good cause for failure to effect service where he took reasonable attempts to identify the defendant).

Instead, the Court sets forth the following procedures.  The district clerk shall send Blomquist's counsel two copies of the Waiver of Service of Summons form and a copy of the complaint without delay.  FED. R. CIV. P. App., Form 1A.  The Court reminds Blomquist that "[a]n individual . . . that is subject to service under [Rule 4](e), (f), or (h) and that receives notice of an action in the manner provided in [Rule 4(d)] has a duty to avoid unnecessary costs of serving the summons."  FED. R. CIV. P. 4(d)(2).  The court will not hesitate to impose costs on Blomquist if he fails to comply with the request for waiver without good cause.  FED. R. CIV. P. 4(d).  If Blomquist waives service, he shall promptly file the executed waiver form with the district clerk.  If Blomquist fails to file the executed waiver of service form within 30 days after receipt, he shall provide his

address to the Court for service by the Marshals.

Accordingly, Blomquist's motion to dismiss pursuant to Rule 12(b)(5) should be denied.

**B.        Rule 12(b)(6)**

Blomquist also moves for dismissal of this action pursuant to Rule 12(b)(6), asserting that Plaintiff has failed to state a § 1983 claim.  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges a complaint on the basis that it fails to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) motions to dismiss are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  To avoid dismissal, the plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The court focuses on whether the plaintiff has a right to offer evidence to support his claims, rather than on whether he will succeed on those claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"To [] state a claim for relief under 42 U.S.C. § 1983 for denial of medical treatment, a prisoner must allege deliberate indifference to his serious medical needs."  *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A June 1981) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Dickson*

*v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978)).[7]

Blomquist argues that even if Plaintiff's allegations are taken as true, they do not reflect that Blomquist was deliberately indifferent to Plaintiff's medical needs.  Blomquist asserts that while Plaintiff has alleged that a second surgery might have saved his vision in his left eye, he has not alleged who told him that.  He further asserts that Plaintiff has failed to allege that Blomquist "was the proper person to perform this surgery or that Dr. Blomquist had agreed that such surgery was necessary."  (Blomquist MTD I at 2-3.)  For these reasons, he argues that Plaintiff has failed to provide support for a claim of deliberate indifference.  *Id.* at 3.  Rather, Blomquist appears to assert that Plaintiff has attempted to convert an alleged medical malpractice claim into a § 1983 claim.

In Plaintiff's complaint, which was filed on the Court's standard § 1983 form,  Plaintiff wrote "failed to schedule 2nd surgery-malpractice-patient care" in response to the portion asking him to briefly describe the defendant's acts or omissions that allegedly harmed him.  (Compl. at 3.)  In the statement of the case attached to the complaint, Plaintiff alleges that Blomquist described the risks and benefits of surgery and stated that he believed that Plaintiff's vision could be restored if medical orders were followed and if he received a second surgery within 3 to 7 days after the first

---

[7]"When a prisoner alleges a denial of medical care, the constitutional basis for the alleged right depends upon whether he is incarcerated pursuant to a conviction or whether he is a pretrial detainee." *DiSalvo v. Bowles,* 2001 WL 705782, at *2 (N.D. Tex. June 18, 2001); *see also Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) (en banc).  "Unlike convicted prisoners, whose rights to constitutional essentials like medical care . . . are guaranteed by the Eight Amendment, pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provision of these same basic needs." *Jacobs v. W. Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000) (citing *Bell v. Wolfish*, 441 U.S. 520, (1979)).  It is not clear whether Plaintiff was a pretrial detainee or a convicted inmate at the time the alleged events giving rise to this action occurred.  However, the deliberate indifference standard applies to a denial of medical care claim whether it is brought by a convicted inmate pursuant to the Eighth Amendment, or by a pretrial detainee pursuant to the Fourteenth Amendment. *Hare*, 74 F.3d at 647-48.

surgery.[8]  (Att. Compl. at 3.)  Further, Plaintiff asserts that Blomquist knew that a second surgery

was important to save Plaintiff's eye, but failed to schedule the operation and did nothing to ensure

that he return to Parkland for the second surgery.  *Id*. at 4-5.  By failing to ensure that he did not

leave the hospital without scheduling a second surgery, Plaintiff contends, Blomquist violated

Plaintiff's constitutional rights.[9]  (Resp. to Blomquist MTD I at 4.)

Taken in the light most favorable to the Plaintiff, his allegations allege an awareness on

Blomquist's part of Plaintiff's need for follow-up care including a second surgery, and a failure to

act to ensure that he receive that recommended care.  While Blomquist disputes the facts as alleged

by Plaintiff, a 12(b)(6) motion is not the appropriate forum for addressing factual disputes.  Relevant

for determining the instant motion is that Plaintiff has alleged that Blomquist knew of the need for

follow-up surgery to preserve the vision in Plaintiff's left eye, and failed to exercise his authority

to ensure that such care would be provided.  Such facts, if proved to be true, state a claim for

deliberate indifference to a serious medical need.  *See Kersh v. Derozier*, 851 F.2d 1599,1513 (5th

Cir. 1988) (finding that evidence supported jury's finding that police officer could be held liable

under § 1983 for exhibiting deliberate indifference to arrestee's serious medical need, where arrestee

had hay in his eye at time of arrest, was not permitted to seek treatment to remove the hay, and lost

sight in that eye as a result); *Trahan v. Reinken*, 2005 WL 2075890, at *2 (S.D. Tex. Aug. 26, 2005)

(finding that plaintiff had alleged sufficient facts to establish a § 1983 claim where he asserted that

a prison health care provider refused to respond to requests for treatment for eyesight problems

---

[8]In Plaintiff's response to Blomquist motion, Plaintiff asserts that it was Blomquist who stated that the left
eye could be saved if an additional surgery was performed.  (Resp. to Blomquist MTD I at 4.)

[9]Plaintiff also appears to contend that Blomquist refused to perform the second surgery due to the expense
associated with such a surgery. (Resp. to Blomquist MTD I at 6, 10.)

which resulted in lost sight in one eye).

Blomquist cites several cases in support of his motion, although none support a finding that Plaintiff has failed to state a claim for deliberate indifference to his medical needs.  First, Blomquist asserts that "[u]nder *Gamble*, Plaintiff had to allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  (Blomquist MTD I at 2.)  As *Kersh v. Derozier* and *Trahan v. Reinkin* demonstrate, however, Plaintiff has alleged an omission sufficiently harmful to demonstrate deliberate indifference to serious medical needs.

Blomquist also cites *Gamble v. Estelle*, as well as *Varnando v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), in support of his claim that "[a]ssertions of inadvertent failure to provide medical care or negligent diagnosis do not satisfy [the deliberate indifference standard], nor does unsuccessful medical treatment or a disagreement between an inmate and a physician concerning the appropriateness of a course of treatment."  (Blomquist MTD I at 2.)  However, Plaintiff's claims focus on Blomquist's failure to ensure that a second surgery take place despite his knowledge of the need for such a surgery to restore Plaintiff's vision.  His claims do not focus on any alleged error in diagnosis.  Plaintiff's claims are also distinguishable from those brought by the plaintiff in *Varnando*.  In *Varnando*, the plaintiff, who had a prosthetic hip, complained that medical personnel recommended revocation of his diet card after ramps were installed in the cafeteria line; thus, rather than having his meals brought to him, the plaintiff had to stand in line between 45 and 60 minutes for each meal  *Id*. at 320-21.  Standing in line, he asserted, caused the wires in his hip prosthesis to break, resulting in the need for a second surgery.  *Id*. at 321.  The Fifth Circuit found that even if the plaintiff's allegations were true, the defendants' judgment about the ramps was mistaken but did not amount to deliberate indifference to his serious medical needs.  *Id*. at 321.  Plaintiff, on the other

-12-

hand, does not take issue with the results of the treatment Blomquist recommended; rather, he argues that Blomquist failed to ensure that Plaintiff receive the treatment Blomquist himself allegedly recommended.

Finally, Blomquist cites *Jolly v. Klein*, 923 F. Supp. 931, 945 (S.D. Tex. 1996), asserting that "allegations of mere negligence, neglect, or medical malpractice on the part of a physician do not state an actionable claim under Section 1983." (Blomquist MTD I at 2.) While one section of Plaintiff's complaint does identify malpractice as an action that allegedly caused him harm, the statement of his case and his response clarify that while he has used such terms, his allegations include a claim for deliberate indifference. Plaintiff's complaint and response do not reflect any issues with the quality of the care Blomquist provided, nor any challenge the course of treatment recommended. Rather, Plaintiff takes issue with Blomquist's failure to ensure that Plaintiff received the follow-up treatment that he understood had been recommended by Blomquist to preserve the vision in his left eye.

Accordingly, because the Court finds that Plaintiff has stated a claim for deliberate indifference, Blomquist's motion for dismissal of Plaintiff's claim on grounds that he has failed to state a claim should be DENIED.

**C.     Texas Civil Practices & Remedies Code § 101.106(a) and (e)**

The Hospital District argues that "Plaintiff's alleged claims and causes of action against [So] constitute nothing more than a medical negligence claim." (HD MTD I at 2.) The Hospital District thus argues that Plaintiff's claims against So arise under the Texas Tort Claims Act, and are subject to dismissal pursuant to § 101.106(a) & (e). *Id*. at 4-5. Those provisions provide that:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or

recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a),(e) (Vernon Supp. 2004-2005).  The Hospital District asserts that it is a unit of local government, and at the time of the events giving rise to this lawsuit, So was acting within the course and scope of his employment as a third-year ophthalmology resident employed by the Hospital District.  (HD Mot. I at 2.)  The Hospital District thus appears to argue that because Plaintiff simultaneously filed suit against So and the Hospital District, So must be dismissed immediately from this lawsuit pursuant to § 101.106(a) & (e).  *Id.* at 4-5.

A state law negligence tort claim is subject to dismissal in a federal proceeding pursuant to § 101.106, assuming that the requirements of § 101.106 are otherwise met.  *See Batiste v. City of Beaumont*, 2005 WL 2284206, at * 3 (E.D. Tex. Sept. 16, 2005) (dismissing negligence claims against individual defendants pursuant to § 101.106(a)); *Livingston v. Desoto Ind. Sch. District*, 2004 WL 2964977, at *2 (N.D. Tex. Dec. 15, 2004) (dismissing state law tort claims for negligence pursuant to § 101.106(e)).  However, a § 1983 claim is not subject to mandatory dismissal pursuant to § 101.106, because a § 1983 claim is not brought under the Texas Tort Claims Act.  *See Estate of Sorrels v. City of Dallas,* 45 Fed. Appx. 325 (per curiam) (observing that the language "under this chapter" in § 101.106 refers to the TTCA, and that § 101.106 thus does not apply to claims brought under § 1983); *Rogers v. Bonnette*, 2005 WL 1593437, at *2 (W.D. Tex. July 5, 2005) (construing *pro se* plaintiff's claims for negligent training and negligent supervision as § 1983 claims, and declining to grant city's motion to dismiss those claims pursuant to § 101.106).  Thus, in order to make a recommendation on the Hospital District's motion to dismiss pursuant to § 101.106, the

Court must determine whether Plaintiff's claims consist exclusively of medical negligence claims, or whether he has stated a claim against So under § 1983.

While Plaintiff's complaint uses terms associated with health care liability claims, the substance of his allegations evidence a claim of deliberate indifference.  In response to a prompt on the standard § 1983 form asking him to briefly describe the defendant's acts or omissions that allegedly harmed him, Plaintiff wrote "patient neglect–failed to schedule 2nd surgery causing offender to lo[]se vision [in] left eye,/ malpractice did not see medication ordered [sic][.]" (Compl. at 3.)  Plaintiff alleges in his statement of the case that he was told after receiving his first surgery that he would be seen by So.  (Att. Compl. at 3-4.)  Further, Plaintiff asserts that So knew that a second surgery was important to save Plaintiff's eye but failed to schedule the operation and did nothing to ensure that he return to Parkland for the second surgery.  *Id*. at 4-5.  Liberally construing Plaintiff's allegations, they state a claim for deliberate indifference to his serious medical needs.  *See, e.g., Kersh v. Derozier*, 851 F.2d at 1513; *Trahan v. Reinken*, 2005 WL 2075890, at *2.  Moreover, Plaintiff repeatedly states that he brought his suit pursuant to § 1983, not the Texas Tort Claims Act.  (Resp. to HD MTD I at 5, 8, 11.)  The Court therefore finds that Plaintiff has stated a claim against So under § 1983 and has raised no claims against So pursuant to the TTCA.[10]

Because § 101.106 applies only when suit is filed under the TTCA, § 101.106 does not mandate dismissal of Plaintiff's § 1983 action.[11]  Accordingly, the Court recommends that the

---

[10]Notwithstanding the liberal pleading standards of the Federal Rules of Civil Procedure, the Court does not construe Plaintiff's suit as including pendent state law medical malpractice claims, based on Plaintiff's repeated statements indicating that he filed the instant action pursuant to § 1983, and not the TTCA.

[11]The Hospital District states that it could only find one case on point involving § 101.106, *Villasan v. O'Rourke*, 2005 WL 1242164 (Tex. App. –Beaumont May 26, 2005, no pet. h.).  (HD MTD I at 5.)  In *Villasan*, family members of an inmate filed suit in state court against a doctor and his employer, the state university's medical branch, asserting that the doctor had negligently failed to diagnose the inmate's cancer.  2005 WL 1242164, at *1.  *Villasan* is distinguishable from the instant action, however, as Plaintiff has not asserted a state law negligence

Hospital District's motion to dismiss So from the instant action pursuant to § 101.106 be DENIED.

**D.      Texas Civil Practices & Remedies Code § 101.106(f)**

Blomquist asserts that "[d]espite Plaintiff's attempts to couch this as a Section 1983 action, this is an alleged medical malpractice suit."  (Blomquist MTD I at 3.)  On this basis, Blomquist argues that Plaintiff's claims against him arise under the Texas Tort Claims Act, and as such are subject to dismissal pursuant to § 101.106.  While Blomquist did not specify a particular subsection of § 101.106 on which his brings his motion to dismiss, his assertions therein point to a reliance on § 101.106(f), which provides as follows:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (Vernon Supp. 2004-2005).  Blomquist asserts that at the time the events giving rise to this suit occurred, he was an employee of UTSMC, a component of the University of Texas System and thus an agency of the State of Texas.  *Id*.  He further argues that the alleged conduct that forms the basis for this suit occurred within the general scope of his employment with UTSMC.  *Id*.  Blomquist thus argues that because he has filed the instant motion, the suit must be dismissed.[12]  *Id*.

---

claim, but a § 1983 claim, and has filed suit in federal, rather than state court.

[12]Blomquist did not address the exception to that provision of the § 101.106, whereby a plaintiff may file amended pleadings dismissing the employee from the suit and naming the governmental unit as a defendant within 30 days of the filing of the motion to dismiss.  While Plaintiff filed a motion for leave to add UTSMC as a defendant, that motion did not request the dismissal of Blomquist.  Thus, the exception is not applicable in the instant matter, even if Plaintiff's suit had been brought pursuant to the TTCA, and the Court thus need not address that exception.

This Court has already found, as discussed above in Section B, that Plaintiff has stated a §

1983 claim against Blomquist.  Moreover, Plaintiff asserts that he brought his suit pursuant to §

1983, not the Texas Tort Claims Act.[13]  (Resp. to Blomquist MTD I at 13.)  As noted above in

Section C, a § 1983 claim is not subject to mandatory dismissal pursuant to § 101.106 because a §

1983 claim is not brought under the Texas Tort Claims Act.  *See Estate of Sorrels v. City of Dallas*,

45 Fed. Appx. 325; *Rogers v. Bonnette*, 2005 WL 1593437, at *2.  Accordingly, the Court

recommends that Blomquist's motion to dismiss pursuant to § 101.106 be DENIED.

**E.      Texas Civil Practices & Remedies Code § 74.351**

The Hospital District, So, and Blomquist each assert that "[t]he only reasonable

interpretation of Plaintiff's Complaint as to this Defendant is that this is a 'health care liability

claim' in which Plaintiff alleges that Defendant hospital and its employees failed properly to treat

his left eye injury[.]"  (Hosp. Dist. MTD II at 1; So MTD at 1; Blomquist MTD at 1.)  The Hospital

District, So, and Blomquist further argue that because Plaintiff's claim is a health care liability

claim, it is subject to dismissal for failure to comply with the requirements of Texas Civil Practices

& Remedies Code § 74.351 ("§ 74.351").  (Hosp. Dist. MTD II at 3; So MTD at 3; Blomquist MTD

at 3.)

Section 74.351(a) provides that:

(a)      In a health care liability claim, a claimant shall, not later than the 120th day
after the date the claim was filed, serve on each party or the party's attorney one or
more expert reports , with a curriculum vitae of each expert listed in the report for
each physician or health care provider against whom a liability claim is asserted.
The date for serving the report may be extended by written agreement of the affected
parties.

---

[13]Notwithstanding the liberal pleading standards of the Federal Rules of Civil Procedure, the Court does
not construe Plaintiff's suit as including pendent state law medical malpractice claims, based on Plaintiff's repeated
statements indicating that he filed the instant action pursuant to § 1983, and not the TTCA.

> (b)      If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall . . . enter an order that . . . (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) & (b) (Vernon Supp. 2004-2005).  Plaintiff does not dispute that he has not complied with the expert witness report requirement of § 74.351; however, he argues that because he brings his claims pursuant to § 1983, the requirement does not apply to the instant suit.  (Resp. to HD MTD II at 2.)

The Hospital District, So, and Blomquist ground their argument that § 74.351 requires dismissal upon their characterization of Plaintiff's claims as state law health care liability claims, rather than as § 1983 claims.  However, as discussed above, the Court finds that Plaintiff has stated § 1983 claims against So and Blomquist.  Dismissal of Plaintiff's § 1983 claims pursuant to § 74.351 would be inappropriate, as § 74.351 clearly does not foreclose federal civil rights claims.  *See Roach v. Muncelle*, 2004 WL 385015, at *2 (N.D. Tex. Mar. 2, 2004) (denying motion to dismiss pursuant to § 13.01,[14] observing that while the statute had been repealed after the filing of the motion, the statute would nevertheless not foreclose the plaintiff's § 1983 claims against defendant for alleged deliberate indifference to serious medical needs); *see also Nelson v. Myrick*, 2005 WL 723459 (N.D. Tex. Mar. 29, 2005) (denying motion to dismiss the plaintiff's § 1983 and state law claims pursuant to § 74.351).

While the Court has not determined herein whether Plaintiff has stated a § 1983 claim against the Hospital District, the Court need not do so in order to make a recommendation on the Hospital

---

[14]Section 13.01, a predecessor to § 74.351, was repealed on June 2, 2003.  *See, e.g., Cruz v. Chang*, 2005 WL 356817, at *4 n.5 (W.D. Tex. Jan. 28, 2005).  Although it varied in a number of respects from § 74.351, § 13.01 also contained a requirement that individuals bringing health care liability claims file an expert report and curriculum vitae for each expert within a certain number of days of filing suit.

District's motion.  Several federal district courts have addressed motions to dismiss state law claims

pursuant to § 74.351 where state law claims were before those courts either pendent to federal claims

or on the basis of diversity jurisdiction.[15]  These federal courts have ground their rejection of such

motions in a finding of a collision between the requirements imposed by § 74.351 and federal civil

procedural rules governing experts and disclosures.  *See, e.g., Brown v. Brooks County Det. Ctr.*,

2005 WL 1515466, at *1-2 (S.D. Tex. June 23, 2005) (denying a motion to dismiss pendent state

law medical malpractice claims pursuant to § 74.351 in a prisoner's § 1983 suit, finding that "§

74.351 directly collides with the discretionary power vested in the federal court concerning experts

and disclosures"); *Nelson v. Myrick*, 2005 WL 723459, at *3-4 (finding a collision between § 74.351

and Rules 26 and 37 based on their mandatory versus discretionary terms, conflicting timing

provisions, and content differences); *McDaniel v. United States of America*, 2004 WL 2616305, at

*1, 8-9 (W.D. Tex. Nov. 16, 2004) (denying a motion to dismiss negligence and medical malpractice

claims in federal court on diversity jurisdiction, finding that Rules 26 and 37 preempted § 74.351

and observing that the federal system provided other effective ways to fulfill the purpose of §

74.351, the deterrence of frivolous lawsuits).[16]  In addition, one court found that § 74.351 intruded

on the federal court's authority to dismiss *in forma pauperis* lawsuits deemed frivolous.  *Brown v.*

---

[15]In support of their claim that Plaintiff cannot avoid the expert report requirements of § 74.351 by attempting to cast his health care liability claims as § 1983 claims, the Hospital District, So, and Blomquist cite a number of Texas state court cases: *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541 (Tex. 2004); *MacGregor Med. Ass'n v. Campbell*, 985 S.W.2d 38, 40 (Tex. 1998 (per curiam); *Zuniga v. Health Care San Antonio, Inc.*, 94 S.W.3d 778, 781 (Tex. App. –San Antonio 2002, no pet.); *Gormley v. Stover*, 907 S.W.2d 448, 450 (Tex. 1995); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994); *Savage v. Psychiatric Inst. of Bedford, Inc.*, 965 S.W.2d 745, 751 (Tex. App. –Fort Worth 1998, pet. denied); and *Groomes v. USH of Timberlawn, Inc.*, 2005 WL 1793201 (Tex. App. –pet. filed).  However, none of these decisions address the applicability of the requirements of § 74.351 in federal actions.

[16]*But see Cruz v. Chang*, 2005 WL 356817, at *6, 8 (dismissing state law medical malpractice claims for failure to comply with the statutory requirements of § 13.01 after finding no conflict between that provision and Rules 16, 26, and 37; the district court observed that § 13.01 prohibited the use of the expert report in discovery or trial, and was a non-discovery procedure designed to serve as "a vehicle for dismissal of frivolous claims.").

-19-

*Brooks County Det. Ctr.*, 2005 WL 1515466, at *2 (finding that "§ 74.351 . . . imposes additional dismissal grounds for frivolous lawsuits not provided for in § 1915A[.]")  On the basis of this authority, the Court finds that § 74.351 does not mandate dismissal of Plaintiff's claims against the Hospital District, regardless of whether such claims were brought as § 1983 or state law health care liability claims.[17]  Accordingly, the motions of the Hospital District, So, and Blomquist to dismiss Plaintiff's claims pursuant to § 74.351 should be DENIED.

### III.  CONCLUSION

For these reasons, the Court recommends that Blomquist's motion to dismiss pursuant to Rule 12(b)(5), Rule 12(b)(6), and § 101.106 (f) be **DENIED**.  The Court further recommends that the Dallas County Hospital District's motion to dismiss Scott So pursuant to § 101.106(a) and (e) be **DENIED**.  In addition, the Court recommends that the Dallas County Hospital District's, So's and Blomquist's motions to dismiss pursuant to § 74.351 be **DENIED.**

**SO ORDERED** on this 13th day of December, 2005.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[17]The Hospital District did not file a motion to dismiss Plaintiff's claims for failure to state a claim, and it was not necessary for the Court to find whether Plaintiff has stated a claim against the Hospital District under § 1983 in order to make a finding on the Hospital District's motion to dismiss pursuant to § 74.351.  However, the Court observes that Plaintiff emphasizes throughout his response to the Hospital District's motion to dismiss that he filed the instant action pursuant to § 1983, and not the TTCA.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE