IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN WAYNE BAKER, ID # 1223066    §

Plaintiff,    §

v.    §    Civil Action No. 3:05-CV-1118-L

SHERIFF JIM BOWLES, et al.,    §

Defendants.    §

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a *pro se* case brought pursuant to 42 U.S.C. § 1983. Before the court are: Motion of Defendant "Parkland Hospital" to Dismiss its Employee "Doctor Scott," Pursuant to Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof, filed July 7, 2005; Motion to Dismiss of Defendant Preston Blomquist, M.D. Pursuant to Section 12(b)(5), Section 12(b)(6), and Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof, filed July 15, 2005; Motion of Defendant Dallas County Hospital District to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 17, 2005; Motion of Defendant Dr. Scott So, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 17, 2005; and Motion of Defendant Preston Blomquist, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 20, 2005 (sometimes collectively referred to as "Defendants' motions to dismiss").[1]

---

[1]Defendant Sheriff Jim Bowles has not filed a motion to dismiss.

**Memorandum Opinion and Order – Page 1**

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Irma C. Ramirez for pretrial management, including for review and submission of proposed findings of fact and recommendation for disposition.  On December 13, 2005, the Findings, Conclusions and Recommendations of the United States Magistrate Judge (the "Report") were filed, in which the magistrate judge recommended that the Defendants' motions to dismiss be denied.  Defendants filed timely objections.

After an independent review of the motions, responses, replies, pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Defendants' Objections, the court determines that the findings and conclusions of the magistrate judge are correct, and hereby **accepts** them as those of the court.

## I.     Discussion

*Pro se* prisoner Kelvin Wayne Baker ("Plaintiff") brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants alleging, *inter alia*, that they violated his civil rights through deliberate indifference to his need for medical treatment of an eye injury he sustained during a fall in the shower area of the Dallas County Jail.  As a result of the alleged deliberate indifference, Plaintiff alleges he has lost sight in his left eye.  In a detailed "statement of the case" attached to his complaint, Plaintiff alleges that Defendant Preston Blomquist, M.D. ("Blomquist") (the doctor who performed surgery on his left eye at Parkland Memorial Hospital following the fall), described to him at the time the risks and benefits of surgery and stated that he believed that Plaintiff's vision could be restored if medical orders were followed and if he received a second surgery within three to seven days after the first surgery.  Plaintiff alleges that Blomquist knew that a second surgery was important to save the vision in Plaintiff's left eye, but nevertheless failed to schedule the operation

and did nothing to ensure that Plaintiff return to Parkland for the second surgery. Construed liberally, Plaintiff is essentially alleging that Blomquist's explicit knowledge of the need for a second surgery within three to seven days to save his left eye, coupled with his failure to ascertain that this second surgery occurred, rises to the level of deliberate indifference to his right to medical care in violation of his substantive due process rights. Recommending that the court deny Blomquist's motion to dismiss, the magistrate judge found that Plaintiff's allegations, "if proved as true, state a claim for deliberate indifference to a serious medical need." *See* Report at 11. Blomquist's only remaining argument was that the suit should be dismissed pursuant to Section 101.106 of the Tex. Civ. Prac. & Rem. Code for raising a negligence claim pursuant to the Texas Tort Claims Act rather than stating a federal cause of action; however, based on the finding that Plaintiff had stated a § 1983 claim for deliberate indifference, the magistrate judge found that Blomquist's Section 101.106 argument should be rejected. *Id.* at 16-17 (finding that Blomquist's argument based on Section 101.106 of the Tex. Civ. Prac. & Rem. Code should be rejected). The magistrate judge likewise found that the Hospital District's similar argument to dismiss Dr. So pursuant to Section 101.106 should be rejected. *Id.* at 13-16 (finding that the Hospital District's arguments based on Section 101.106 of the Tex. Civ. Prac. & Rem. Code should be rejected).[2]

Defendants have filed Objections to certain portions of the magistrate judge's Report. Specifically, Defendants object to that portion of her Report wherein she recommends that Blomquist's July 15, 2005 motion to dismiss be denied and that Parkland Hospital's July 7, 2005 motion to dismiss Doctor Scott So be denied. Defendants contend that Plaintiff has failed to allege facts which, if proved as true, state a claim for deliberate indifference to a serious medical need. *See*

---

[2]Defendants have not objected to the magistrate judge's recommendation regarding the remaining motions to dismiss, namely, those arguing that dismissal is appropriate pursuant to Tex. Civ. Prac. & Rem. Code §74.351.

**Memorandum Opinion and Order – Page 3**

Obj. at 2.  According to Defendants, Plaintiff has at most stated a "fairly typical state tort claim: that Defendants breached their duty of care by failing to follow up with a subsequent surgery."  *Id.* at 6.  Defendants contend that "[t]his allegation is analogous to misdiagnosing a patient, failing to treat the patient, or administering inappropriate treatment, all of which are mere negligence claims, and not actionable as substantive due process claims."  *Id.*  The court **overrules** these Objections.

Under the Fourteenth Amendment, an official's act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights.  *See Hare v. City of Corinth*, 135 F.3d 320, 324-26 (5th Cir. 1996) (citing to the court's *en banc* decision at 74 F.3d 633, 643 (5th Cir. 1996)).  "Subjective deliberate indifference" is "subjective knowledge of a substantial risk of serious harm to a pretrial detainee" followed by a response of "deliberate indifference to that risk."  *Id.* at 324; *see also Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996) (same).[3]  Applying this standard to Plaintiff's allegations, and for the reasons cogently set forth by the magistrate judge in her Report (see Report at 9-13), the court determines that Plaintiff has alleged sufficient facts which, if proved true, state a claim of deliberate indifference to his medical care.  Accepting Plaintiff's allegations as true, Dr. Blomquist had subjective knowledge of Plaintiff's need for further medical attention to save his left eye, but nonetheless did not schedule the second surgery.

The court notes that in their Objections, Defendants make no attempt to distinguish the two analogous cases cited by the magistrate judge in her Report in support of her recommendation that

---

[3]In *Nerren*, the Fifth Circuit made explicit that an "arrestee's complaint for denial of due process and a pretrial detainee's complaint for denial of substantive due process are evaluated under the same standards."  *Nerren*, 86 F.3d at 472.  Moreover, as properly pointed out by the magistrate judge, the deliberate indifference standard applies to a denial of medical care claim whether it is brought by a convicted inmate pursuant to the Eighth Amendment or by a pretrial detainee pursuant to the Fourteenth Amendment.  *See* Report at 10 n.7 (citing the *en banc* decision in *Hare*, 74 F.3d at 647-48).

**Memorandum Opinion and Order – Page 4**

Defendants' motions to dismiss be denied. *See* Report at 11-12 (citing *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir. 1988) (finding that evidence supported jury's finding that police officer could be held liable under § 1983 for exhibiting deliberate indifference to arrestee's serious medical need, where arrestee had hay in his eye at time of arrest, was not permitted to seek treatment to remove the hay, and lost sight in that eye as a result) and *Trahan v. Reinken*, 2005 WL 2075890 at *2 (S.D. Tex. Aug. 26, 2005) (finding that plaintiff had alleged sufficient facts to overcome a motion to dismiss where he alleged that prison health care provider refused to respond to requests for treatment for eyesight problems which resulted in loss of sight in one eye)).  Instead, Defendants rely on a state court case and a 1971 Second Circuit case, neither of which is binding authority on this court. *See* Obj. at 4.  In addition, Defendants cite to a decision issued by this court. *Id.* at 5 (citing *Kinzie v. Dallas County Hosp. Dist.*, 239 F. Supp. 2d 618 (N.D. Tex. 2003)).  In *Kinzie*, the court granted a motion to dismiss where a surgery patient who had received a transfusion of blood infected with HIV brought a substantive due process claim pursuant to § 1983 against the county-owned hospital. With regard specifically to the plaintiff's claims that the hospital violated his right to substantive due process by denying him of his right to medical care, the court dismissed that cause of action because plaintiff, a private citizen, had not provided the court with any authority that persons in his situation had any right to medical care.  The court was careful to distinguish this situation from the right to medical care that has been recognized "in situations where the state has taken affirmative steps to restrain a person's liberty, as in the case of pretrial detainees, persons in police custody, or prisoners." *Kinzie*, 239 F.Supp.2d at 635 (and cases cited therein).  In short, *Kinzie* is not analogous to this case, where Plaintiff is in custody.

**Memorandum Opinion and Order – Page 5**

Whether the evidence marshaled by Plaintiff is ultimately sufficient to establish deliberate indifference on the part of Defendants will be determined at the summary judgment stage. At this early stage of the case, however, the court only determines that Plaintiff has alleged sufficient facts which, if proved true, state a claim of deliberate indifference to his medical care.

## II.    Conclusion

For the reasons herein stated, the court **overrules** Defendants' Objections to the Findings, Conclusions and Recommendations of the magistrate judge. The court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Motion of Defendant "Parkland Hospital" to Dismiss its Employee "Doctor Scott," Pursuant to Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof, filed July 7, 2005; **denies** Motion to Dismiss of Defendant Preston Blomquist, M.D. Pursuant to Section 12(b)(5), Section 12(b)(6), and Section 101.106, Tex. Civ. Prac. & Rem. Code and Brief in Support Thereof, filed July 15, 2005; **denies** Motion of Defendant Dallas County Hospital District to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 17, 2005; **denies** Motion of Defendant Dr. Scott So, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 17, 2005; and **denies** Motion of Defendant Preston Blomquist, M.D. to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed October 20, 2005.

Further, in light of the court's decision to overrule Defendants' Objections, and to accept the findings and conclusions of the magistrate judge as those of the court, the court **denies as moot** Pro Se Plaintiff's Motion of Leave to Strike and [for] Order Unfil[ing] Joint Objections of Defendants

**Memorandum Opinion and Order – Page 6**

Preston Blomquist, M.D. and Dallas County Hospital District to Findings, Conclusions and Recommendations of the United States Magistrate Judge with Brief in Support, filed January 24, 2006; **denies as moot** Pro Se Plaintiff's Motion of Leave of Reply/Answer(s) to Filed Unauthorized Joint Objections of Defendants Preston Blomquist, M.D., Scott So, M.D. and Dallas County Hospital District to Findings, Conclusions and Recommendations of the United States Magistrate Judge with Brief in Support of Objections[,] Challenges[,] Disputes[,] etc., filed January 24, 2006; and **denies as moot** Pro Se Plaintiff's Motion of Leave to Strike and Order [for] Unfil[ing] Defendant Preston Blomquist, M.D.'s Reply to Pro Se Plaintiff's Motion of Objections to Motion of Defendant Dr. Preston Blomquist to Dismiss Based on Plaintiff's Failure to Comply with Section 74.351, TCPRC and Brief in Support Thereof, filed February 17, 2006.

**It is so ordered** this 13th day of March, 2006.

Sam A. Lindsay
United States District Judge